## LEWIS v. WESTERN UNION TELEGRAPH CO.

1. CHARGE.—When trial Judge has once stated the law correctly, it is not reversible error thereafter to use "and" for "or."
2. DAMAGES—MENTAL SUFFERING.—In this State, damages cannot be recovered for mental suffering disconnected with and in absence of bodily injury.
3. IBID.—VINDICTIVE DAMAGES may be given against a corporation for negligence, accompanied with wantonness, wilfulness, recklessness, or malice on part of its agents.

Before TOWNSEND, J., Greenville, March term, 1899. Affirmed.

Action by R. E. Lewis against Western Union Telegraph Co.    Plaintiff appeals.

*Mr. B. A. Morgan,* for appellant, cites: *As to malice:* 4 Russ., 89; 54 S. C., 498.    *Gross carelessness not required to be shown:* 23 S. C., 105; 18 S. E. R., 687; 24 S. C., 503; 54 S. C., 498; 34 S. C., 311; 14 S. E. R., 945; 11 S. E. R., 1044; 21 Ib., 429; 23 Ib., 457; 31 Ib., 224, 493.

*Messrs. Ansel, Cothran & Cothran,* contra, cite: *No damages for mental anguish without physicial injury:* 47 Fed. R., 544; 44 Fed., 554; 59 Fed., 433; 63 Fed., 396; 55 Fed., 603; 37 Pac., 1087; 6 U. S. C. C. A., 432; 54 Fed., 634; 52 Fed., 264; 96 Fed., 81; 43 S. W. R., 965; 84 Cal., 515; 95 Col., 510; 19 N. W. R., 438; 14 S. R., 138; 15 S. E. R., 901; 71 Ill. App., 63; 47 N. E. R., 473; 17 P. R., 807; 27 Kan., 544; 71 Me., 227; 59 N. W. R., 1078; 9 S. R., 823; 22 S. W. R., 345, 691; 54 Mo. App., 434; 38 At. R., 684; 42 N. Y., 1109; 50 P. R., 438; 6 Nev., 224; 41 N. E. R., 689; 147 Pa. St., 40; 57 N. W. R., 973; 32 S. E. R., 1026; 131 U. S., 22; 9 H. L., 598; 2 Car. & P., 291; L. R., 13 App. Ca., 222; 32 S. C., 592.    *As to error in charge complained of:* 53 S. C., 123.

*Messrs. Smythe, Lee & Frost* and *George H. Tearous,*

also contra, cite: *Additional upon question of damages for mental anguish:* 1 H. & M., 411; 5 H. & M., 534; 10 Q. B. L. R., 111; 13 App. Ca. (L. R.), 222; 27 Kan., 544; 133 Ill., 148; 70 Mo., 230; 147 Pa. St., 40; 1 Cush., 452; 6 Nev., 230; 74 Mo., 147; 30 N. J. S., 210; 42 Wis., 32; 36 Minn., 290; 3 Dak., 215; 45 Ia., 569; 10 La. Ann., 38; 135 Mass., 153; 16 Mich., 447; 17 N. Y., 54; 53 Vt., 190; 52 Fed., 264; 3 Brev., 523; Dud., 180; 2 Spear., 536; 1 McM., 37; 14 S. C., 20; 25 S. C., 68; 27 S. C., 456; 32 S. C., 592; 53 S. C., 410; 52 S. C., 323. *Cases the other way:* 55 Tex., 38, 308; 59 Tex., 563; 66 Ib., 580; 75 Ib., 26, 531; 76 Ib., 217; 71 Ib., 723; 76 Ib., 66. *Cases regarding innovation:* 68 Miss., 748; 86 Tenn., 695; 15 S. E. R., 901; 57 Fed., 471; 22 S. W., 345; 59 N. W. R., 1078.

April 11, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The complaint in its first three articles alleges that defendant is a corporation in this State, with office as a telegraph company in the cities of Greenville and Columbia. The rest of the complaint is as follows: "4. That the father of the plaintiff resided in the city of Greenville, in said State, and being dangerously ill, J. O. Lewis, a brother of the plaintiff, did, on the morning of November 15th, 1897, deliver a message to the resident agent of the defendant at Greenville, in said State, to be transmitted and delivered to the plaintiff at Columbia, S. C., and prepaid toll therefor, and the said message reading as follows: 'R. E. Lewis, Columbia, S. C.: Come up to-day; your father is ill. J. O. Lewis.' 5. That said message was received at the defendant's Columbia office by its resident agent at 10.30 o'clock on the morning of November the 15th, 1897. Said message was not delivered, nor was any information wired the Greenville office of its non-delivery, or that a better or more specific address was required, and the matter remained in that situation until November 17th, 1897, when plaintiff's father having grown more desperately ill, J. Maxwell

Lewis, brother of plaintiff, delivered to the defendant's resident agent at Greenville, in said State, a message to be transmitted and delivered to the plaintiff at Columbia, in said State, said message, among other things, reading as follows: 'R. E. Lewis, Columbia, S. C.: Father not so well; you had better come. J. Maxwell Lewis.' 6. That this last named message was received by the resident agent of the defendant at its Columbia office at 11.30 A. M., November 17, 1897, but was not delivered until after defendant had addressed a postal card to the plaintiff and he received same at 7.30 p. m. of same date, and notified defendant's agent of his whereabouts by telephone message; and it was not until at this time that defendant's agent gave the plaintiff any information that a message of November 15th, 1897, had been received and was at said office for him. That the message of November 15th, 1897, was not delivered by the defendant to the plaintiff even at the time of the delivery of the message of the 17th of November, 1897, but was sent to plaintiff through the United States mails to Greenville, S. C., subsequent to that date. 7. That while the father of plaintiff was desperately ill at the time of the dispatch of November 15th, 1897, he was perfectly conscious and able to recognize his family and friends, and remained so for forty-eight hours thereafter. 8. That if the message of the 15th of November had been delivered within a reasonable time after its receipt at the said Columbia office, the plaintiff could have been at the bedside of his father within six hours after the receipt of said message at said Columbia office. 9. That the plaintiff left the city for Greenville, S. C., upon the first train affording him passage between said points after the receipt of the message of November 17th, 1897, and notwithstanding he used every possible means to hasten his transit and to reach the bedside of his dying father at the earliest possible moment, he did not do so until in the afternoon of November 18th, at which time his father was unable to recognize him and within a few days thereafter departed this life, without the knowledge of the presence of the plaintiff, for whom he had

continuously asked for two or three days before he became unconscious. 10. That by reason of defendant's wilful, gross and inexcusable neglect and carelessness in failing to deliver the first of said messages within a reasonable time after its receipt by its agents, and acting in such a wanton and indifferent manner, with disregard of its duties and the rights of the plaintiff, knowing full well the importance of the message, the plaintiff has suffered great and grievous mental and physical anguish, pain, grief and sorrow, and been put to much extra and needless expense—all to his damage $1,950 * * *"

The answer of the defendant was a general denial. The cause came on to be heard before Judge Townsend and a jury. After plaintiff closed his testimony, a motion for nonsuit was refused. Defendant then replied to such testimony. After the charge of the presiding Judge, the jury returned a verdict for the defendant.

Thereupon the plaintiff appealed on the following grounds: "1. His Honor erred in charging the jury, 'Now, suppose you are traveling on the railroad to a dying relative at the end of your journey that you are going to see, and by ordinary negligence you are delayed until that relative is dead, and it turned out it caused you great mental anguish, you would not be entitled to recover damages, unless you have suffered actual loss, because the law says, "I won't give you damage for that, if it was for the want of ordinary care;" but it turns out that the company was guilty of wilful and wanton negligence, and was grossly careless, then the law says, "you will get your damage then." Whether there is any actual loss of body or money, the law will punish them for that mental anguish.' The error being in instructing the jury that recovery can only be had for mental anguish when the act is wilful and wanton and gross; whereas, it is submitted that it is not necessary that the act shall be composed of all three elements of negligence above stated, but that either one of the three mentioned is sufficient. 2. His Honor erred in charging defendant's third request to charge. The

error being in instructing the jury, 'that damages cannot be recovered for mere mental suffering disconnected from physical injury, and not the result of the wilful wrong of the defendant,' thereby excluding the jury from the right to find for the plaintiff on any ground other than *wilful* negligence. 3. His Honor erred in charging defendant's fourth request to charge and in his comment on same. The error being in instructing the jury, 'that plaintiff cannot recover in the absence of proof of malice or wanton and wilful conduct on the defendant's part,' and in his explanation of same by further instructing the jury that 'there must be evidence of wantonness and wilfulness on the part of the telegraph company, in order to make them liable for mental anguish.' The error being in instructing the jury that the act of the defendant must be malicious, or if not that it must be both wanton and wilful, and thereby forbade the jury to find for the plaintiff, if the act was either malicious, wilful, wanton or gross. 4. Because his Honor erred in holding and instructing the jury that a recovery cannot be had for mental anguish in cases of ordinary negligence."

And the respondent filed the following additional grounds, upon which it asked that the judgment herein should be affirmed :

"The Circuit Judge should have granted defendant's motion for nonsuit upon the following grounds : 1. That there is no evidence of pecuniary loss or personal injury resulting in any loss to the plaintiff. 2. That damages cannot be recovered for mental anguish, where there is no physical injury, unless malice is shown. 3. That the damages alleged are not the proximate result of the negligence of the defendant. 4. That there is no evidence of wilful or wanton invasion of plaintiff's rights such as to warrant a verdict for vindictive damages."

The first exception of plaintiff may be disposed of by referring to the case of *Smith* v. *Railway Co.,* 53 S. C., 123, as authority for the position that where the Circuit Judge has once stated the law with entire accuracy,

and afterwards is not quite as careful as he might have been in observing the distinction between the copulative conjunction "and" and the disjunctive conjunction "or," this Court will not be swift in imputing such want of literary excellence or verbal accuracy in the charge to that class of errors known to the profession as reversible errors. This exception is overruled.

The second exception relates to a subject which has occupied the legal mind for centuries, namely, whether damages can be recovered for mental suffering disconnected with, or in the absence of, any bodily injury. It is not a new subject, therefore. The common law never recognized such damages—they were too vague, shadowy, uncertain. The decisions of the Supreme Court of the United States and of a large majority of the State Supreme Courts refuse to sanction any change of the common law in this particular. There are a few of the Supreme Courts of the States of this Union which do uphold the doctrine that damages may be awarded for mental suffering disconnected with physical injury—such as Texas, Tennessee, North Carolina, Alabama, and a few others. Our own State may be classed among those who adhere to the old common law rule, as may be seen by examining *Henning Ex'ors,* v. *Withers,* 3 Brevard, 458; *Hunt* v. *D'Orval,* Dudley, 180; *Tappan* v. *Harwood,* 2 Spear., 536; *Pearson* v. *Davis,* 1 McM., 37; *Edgar* v. *Castello,* 14 S. C., 20; *Sitton* v. *McDonald,* 25 S. C., 68; *Bridger* v. *R. R. Co.,* 27 S. C., 456; *Martin* v. *C. & G. R. R. Co.,* 32 S. C., 592; *Wallingford* v. *Telegraph Co.,* 53 S. C., 410; *Mack* v. *R. R. Co.,* 52 S. C., 323. We will cite just a few of the many authorities outside of our State: *Kennon* v. *Gilmer,* 131 U. S., 22; 1 Bigelow's Leading Cases on Torts, sec. 19; Wood's Mayne on Damages, 74; Peirce on Railroads, 302. From Arkansas— *Crawson* v. *W. U. Tel. Co.,* 47 Fed. Rep., 544; Georgia— *Chase* v. *W. U. Tel. Co.,* 44 Fed. Rep., 554; California— *Munro* v. *Dredging Co.,* 84 Cal., 515; Florida—*I. O. Tel. Co.* v. *Saunders,* 32 Fla., 434; Maine—*Wyman* v. *Leavitt,*

71 Maine, 227; Missouri—*Connell* v. *W. U. Tel. Co.,* 116 Mo., 34; New York—*Connell* v. *W. U. Tel. Co.,* 42 N. Y., sup., 1109; Ohio—*Kester* v. *W. U. Tel. Co.,* 26 Chicago Legal News, 252. We think the Circuit Judge committed no error here.

As to the third exception, we think the Circuit Judge was correct in holding that exemplary damages may be recovered of a corporation for its negligence, when there is any evidence of wantonness, or wilfulness, or recklessness, or malice on the part of the agent or agents of such corporation—for example, of the telegraph company here sued. We think our cases of *Samuels* v. *R. R. Co.,* 35 S. C., 493; *Pickens* v. *R. R. Co.,* 54 S. C., 498; *Gillman* v. *R. R. Co.,* 53 S. C., 210, abundantly support this doctrine. The Circuit Judge fairly submitted this proposition to the jury, and the jury found the verdict against the plaintiff. It is but simple justice in this connection to say that while the plaintiff's witnesses gave testimony in favor of plaintiff's contention, yet the defendant's witnesses gave testimony in favor of defendant's contention, and showed that the telegraph company had used extraordinary means to discover the proper address of the plaintiff and his whereabouts; so that both dispatches (viz: that of the 15th November, 1897, and also that of the 17th November, 1897,) should be delivered promptly, without avail. No one can fail to heartily sympathize with the plaintiff for his failure to see his dying father in time, to hear an expression of his last wishes, or to bid him farewell forever in this world. Sometimes the best efforts to secure the same are unavailing—but the law in this State can give him no relief under this finding of the jury of his own county.

The appellant does not press his fourth ground of appeal. Hence we might be silent. But in the abundance of caution we will say that we cannot sustain it because we consider that our views expressed on the second exception dispose of the fourth also. Having reached the conclusion that the judg-

ment must stand, the additional grounds of affirmance need not be considered.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.