## 7161

### LAIRD v. PIEDMONT MUTUAL FIRE INS. CO.

INSURANCE—FRAUD—VALUE—ISSUES.—The evidence in this case tending to show applications for insurance had been signed by insured in blank and value of property afterward filled in by agent of insurer, the applications stating the valuation had been fixed by insured—the property having been seen by the agent and the value agreed on by insured and the agent, does not conclusively show that insured committed a fraud on insurer by overvaluation of the property or put it in the power of agent of insured to do so.   The fact that the property was bought for much less than insured is not conclusive of its value.

Before WILSON, J., Lexington, March, 1908.   Affirmed.

Action by W. M. Laird against Piedmont Mutual Insurance Company.   From judgment for plaintiff, defendant appeals.

*Messrs. Efird & Dreher,* for appellant, cite: *Statements in application are binding on insured:* 71 S. C., 91; 61 S. C., 342.  *Soliciting agent is agent of insured in filling in application:* 22 Cyc., 1436, 1444; 67 L. R. A., 705; 42 Ia., 46; 4 R. I., 141.

*Messrs. Graham & Sturkie,* contra, cite: *Position of agent and applicant:* 81 S. C., 155.  *Issue of what representations are relied on is for jury:* 20 Cyc., 32;; 80 S. C.,

407. *Knowledge of agent is imputed to the principal:* 37 S. C., 381; 75 S. C., 320; 66 S. C., 463.

April 13, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action on a fire insurance policy of $1,618, the plaintiff recovered judgment for $1,468, the full amount claimed. The defendant's motion for the direction of a verdict in its favor, on the ground that the evidence admitted of no other inference, than that the plaintiff had committed a fraud in his application for insurance, was refused, as was also his subsequent motion for a new trial on the same ground. The correctness of these rulings is involved in the first and second exceptions. The first exception rests on the proposition that the Circuit Judge erred, "In refusing to direct a verdict in favor of the defendant, on the ground that the proof showed that the plaintiff signed the applications for insurance in blank, and thereby committed a fraud on the defendant by putting it in the power of James Dodd to fraudulently and falsely represent the facts to the insurance company as to the values, risks, and as to the incumbrances, by giving false answers to those questions in the applications." The second exception alleges similar error in the refusal to grant a new trial.

The written application for the policy contains a statement that the valuations therein contained are estimated and fixed by the applicant; and in the application the valuations and the insurance desired are thus stated: "On two-story, shingle roof, frame building, while occupied by W. M. Laird as a gin-house, situated on west side of Wagner road, in Lexington county, S. C., 9 miles west of Swansea, S. C., on Wagner and Swansea road. Present value of property, $800; amount insurance wanted, $534.

"On machinery consisting of two gins, pulleys, belting, shafting, feeder, condenser, flues, press, and scales: present value, $650; amount insurance wanted, $534.

"On engines and boilers: present value of property, $600; amount insurance wanted, $400."

Testimony on behalf of plaintiff, which is uncontradicted, tends to prove that the plaintiff consented to take out the insurance at the urgent solicitation of one Dodd, the agent of the defendant company; that the application was made out by Dodd, the plaintiff signing it without reading; that when the application was made out and signed. Dodd and the plaintiff were together at the plaintiff's place of business, where all the insured property was under Dodd's observation; and that the valuation was agreed on by Dodd and the plaintiff. These valuations were no doubt high, but they necessarily rested on opinion, and there was evidence tending to show that they were not excessive. It is true, the plaintiff admitted he had paid only three hundred dollars, for the machinery valued at six hundred dollars, but this is not conclusive of the true value, for the purchase might have been made for less than the market value. The Circuit Court was not in error in refusing to hold the policy to be void as a matter of law, either on the ground that the plaintiff, himself, had committed a fraud or had put it in the power of Dodd to do so in the overvaluation of the property. The evidence on this subject made an issue for the jury.

There was no evidence whatever of fraud by false representation as to incumbrances on the property, for in the application there was no answer to the question on that point. The fact that the policy provides, that the insurance company shall not be liable if any part of the property be incumbered, does not affect the question, because the appeal does not rest on that provision of the policy; on the contrary defendant rests its case on the position that the plaintiff, by signing the application in blank, put it in the power of Dodd to commit a fraud on the insurance company by representing the property to be unincumbered. There was no evidence of anything said or done by the

plaintiff, on which Dodd could base any representation to the defendant, except the written application signed by him; and that contained no representation at all as to incumbrances. There is, therefore, no ground to say the plaintiff enabled Dodd to deceive the defendant into believing there was no incumbrance on the property.

By the third exception, it is submitted the Circuit Judge erred in refusing to grant a new trial, on the ground that the verdict was clearly excessive. The insurance company was liable by the terms of the policy for only three-fourths of the value of the personal property. The defendant contends the evidence shows conclusively the value of the entire personal property was not over $390, and that, therefore, the verdict based on an insurance of $934 was necessarily excessive. As already said, there was some evidence that the value stated in the application was the true value. This being so, it was not error of law on the part of the Circuit Judge to refuse to set aside the finding of the jury as excessive.

The judgment of this Court is, that the judgment of the Circuit be affirmed.