**11-5343-pr**
**Stevens v. Miller**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

―――――――

August Term, 2011

(Argued: March 5, 2012          Decided: April 10, 2012)

Docket No. 11-5343-pr

―――――――――――――

EDWARD STEVENS,

*Petitioner-Appellee*,

―v.―

DAVID MILLER, Superintendent, Eastern Correctional Facility,
ERIC T. SCHNEIDERMAN, New York State Attorney General,

*Respondents-Appellants*.[*]

―――――――――――――

Before: McLAUGHLIN, B.D. PARKER, and WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*), entered on December 23, 2011, which denied Respondents-Appellants' motion under Federal Rule of Civil Procedure 60(b)(6) to vacate an order granting habeas relief to Petitioner-Appellee that was entered more than a year prior to the Respondent-Appellants' Rule 60(b)(6) motion. We hold that the district court did not abuse its discretion in denying Respondents-Appellants' Rule 60(b)(6) motion.

Affirmed.

―――――――

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

ALYSON GILL, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseanne B. MacKechnie, Deputy Solicitor General for Criminal Matters, Lisa Ellen Fleischmann, Assistant Attorney General, *on the brief*) for Eric T. Schneiderman, Attorney General for the State of New York, New York, NY, *for Respondents-Appellants*.

RICHARD JOSELSON, Legal Aid Society, Criminal Appeals Bureau, New York, NY, *for Petitioner-Appellee*.

WESLEY, *Circuit Judge*:

Respondents-Appellants (the "State") appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*), entered on December 23, 2011, which denied the State's motion under Federal Rule of Civil Procedure 60(b)(6) to vacate the district court's grant of habeas relief to Petitioner-Appellee Edward Stevens more than a year earlier. The State argues that the district court abused its discretion in denying its Rule 60(b)(6) motion. We find that the State's motion is nothing more than an attempted end-run around the one year time limitation on a Rule 60(b)(1) motion, which allows the district court to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable

neglect.  Therefore, we hold that the district court did not abuse its discretion in denying the State's Rule 60(b)(6) motion.

## I. Background

**A. Stevens's Conviction**

In early 2000, Edward Stevens was convicted of Robbery in the Third Degree in violation of New York Penal Law § 160.05.  *See People v. Stevens*, 8 A.D.3d 2, 3 (N.Y. App. Div. 1st Dep't 2004).  Although Robbery in the Third Degree is ordinarily punishable by a maximum of seven years in prison, the trial court determined that Stevens was a persistent felony offender under New York law and sentenced him to an indeterminate term of imprisonment of fifteen years to life.  *Id.*  Stevens's conviction and sentence were affirmed on direct appeal.  *See People v. Stevens*, 8 A.D.3d 2 (N.Y. App. Div. 1st Dep't 2004), *leave denied*, 5 N.Y.3d 810 (2005).

**B. Habeas Proceedings**

Stevens commenced habeas proceedings in the district court in December 2005.  He claimed that his designation as a persistent felony offender and his resulting sentence was contrary to, and an unreasonable application of, the United

States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In a report and recommendation issued on December 31, 2008, Magistrate Judge Maas recommended that the district court deny the petition.

By letter dated January 9, 2009, Stevens's counsel informed the district court that the issue of whether New York's persistent felony offender sentencing scheme violated the Sixth Amendment was pending before a panel of this Court. As such, he requested that the district court extend the time to file objections to the magistrate judge's report and recommendation until ten days after this Court's decision. A few days later, the district court transferred Stevens's case to the "suspense docket" and instructed Stevens's counsel to "notify the court promptly upon resolution of the [appeals pending before the Second Circuit panel]."

On March 31, 2010, a panel of this Court, in a number of appeals consolidated under *Besser v. Walsh*, 601 F.3d 163 (2d Cir. 2010), declared New York's persistent felony offender sentencing scheme unconstitutional. The next day, Stevens's counsel informed the district court of *Besser* and

urged the court to grant Stevens's habeas petition. The State responded by letter dated April 16, 2010. In that letter, the State noted that a petition for rehearing en banc was pending in *Besser* and asked that the court refrain from relying on *Besser* until this Court rendered a decision on the petition for rehearing. Although the State's letter was apparently never docketed, the district court acknowledged receiving it.

This Court granted rehearing en banc on the issue of whether New York's persistent felony offender sentencing scheme contravened clearly established Supreme Court precedent on April 30, 2010, but the State never informed the district court of our decision to reconsider the panel's opinion in *Besser*. On September 27, 2010, the district court relied on the *Besser* panel decision and granted Stevens's habeas petition. Judgment was entered on September 29, 2010. The Clerk's Office mailed notice of the judgment to Stevens's attorney but failed to provide the State with notice. Because the State failed to check the docket sheet, as required by case law and the district judge's individual practices, it was unaware of the order granting Stevens habeas relief.

Less than three weeks after the district court granted habeas relief to Stevens, this Court, sitting en banc, overruled *Besser* in *Portalatin v. Graham*, 624 F.3d 69 (2d Cir. 2010).[1]  In *Portalatin*, we held that New York's persistent felony offender sentencing scheme did not run afoul of clearly established Supreme Court precedent. *Id.* at 78.  Thus, *Portalatin* ensured the State of certain victory in Stevens's habeas proceeding.  What's more, the State was surely aware of the *Portalatin* decision because the Solicitor General of New York argued the case.  Nevertheless, the State did not apprise the district court

---

[1]The change in name from *Besser v. Walsh* to *Portalatin v. Graham* stems from the *Besser* panel's varied disposition of the five appeals originally consolidated under the title *Besser v. Walsh*.  While holding that New York's persistent felony offender sentencing scheme contravened clearly established Supreme Court precedent, the *Besser* panel actually affirmed the district court's denial of James Besser's habeas petition on the ground that  Besser's conviction had become final before the Supreme Court's decision in *Blakely*.  *See Besser*, 601 F.3d at 183.  As such, we denied Besser's petition for rehearing en banc on June 4, 2010, and the mandate in his individual appeal issued on July 30, 2010.   We granted en banc review in the other four appeals, and the Court ultimately issued the en banc decision under the title *Portalatin v. Graham*.

For convenience, we sometimes refer to en banc review being granted in "*Besser*."  By that we mean that the en banc Court undertook to review the holding of the *Besser* panel decision–namely, that New York's persistent felony offender sentencing scheme contravened clearly established Supreme Court precedent interpreting the Sixth Amendment.  As noted above, we recognize that James Besser's petition for rehearing en banc was denied.

of the en banc decision. And because the State never checked the docket sheet to ascertain the status of Stevens's petition, the State let its time to appeal expire.

On September 29, 2011, exactly one year after the entry of judgment granting Stevens habeas relief, Stevens's counsel wrote a letter to an attorney in the New York State Department of Corrections, enclosed a copy of the district court's order granting Stevens's petition, and requested Stevens's release. On October 12, 2011, the New York Attorney General's Office became aware of the letter and of the district court's order. The following day, the State made a Rule 60(b)(6) motion to vacate the district court's judgment granting Stevens habeas relief.

**C. Rule 60(b) Proceedings**

On October 18, 2011, the district court held a hearing on the State's Rule 60(b)(6) motion. Time and again, the State admitted its negligence in failing to check the docket sheet and failing to apprise the district court of *Portalatin*.[2] Nevertheless, the State contended that it was entitled to Rule 60(b)(6) relief because "extraordinary

---

[2] The Assistant Attorney General who argued the motion before the district court was not the Assistant Attorney General who argued on appeal.

circumstances" existed.  In support of its argument, the State noted that (1) the district court's order to release Stevens was based on a panel decision of this Court that was overruled less than three weeks after the entry of judgment in this matter; (2) the mandate in the *Besser* panel decision never issued;[3] (3) Stevens's counsel never informed the district court of *Portalatin*; and (4) the Clerk's Office never provided the State notice of the district court's decision.

Stevens's counsel countered that Rule 60(b)(6) relief was inappropriate because the State's motion was not made within a reasonable time following entry of judgment and because Rule 60(b) cannot be used as a mere substitute for a party's failure to appeal in a timely manner.  He candidly admitted that he delayed seeking Stevens's release until a year had elapsed from the entry of the district court's judgment so as to prevent the State from pursuing relief

---

[3]As explained in footnote 1, the mandate disposing of James Besser's individual appeal issued on July 30, 2010.  However, the mandates in the other appeals consolidated in *Besser*–where the issue of whether New York's persistent felony offender sentencing scheme ran afoul of clearly established Supreme Court precedent was dispositive–had not issued.  When the State refers to the mandate in *Besser* not being issued, it means that *Besser*'s holding regarding New York's persistent felony offender sentencing scheme was under review by the en banc Court.

under Rule 60(b)(1), which allows a district court to vacate its judgment on the basis of the moving party's mistake, inadvertence, surprise, or excusable neglect.

By memorandum and order filed on December 23, 2011, the district court denied the State's motion.  The court found that even if the State's neglect was excusable–a premise that the court clearly believed to be dubious at best–the proper avenue for relief was a Rule 60(b)(1) motion, which was no longer available to the State because more than a year had passed.  The court also noted that because Rules 60(b)(1) and 60(b)(6) are "mutually exclusive," Rule 60(b)(6) relief was inappropriate.  In the alternative, the district court determined that the State was not entitled to Rule 60(b)(6) relief because the State's motion was not made "within a reasonable time," as required by Rule 60(c).  The court concluded by noting that "[t]he State's negligent failures . . . have been egregious" and that "[f]air play demands that the State be held responsible for its extraordinary neglect."  It thus ordered Stevens's release on the force of its September 27, 2010 order.

The State now appeals the district court's denial of its Rule 60(b)(6) motion.

## II. Discussion

The State claims that the district court abused its discretion in denying its Rule 60(b)(6) motion. The State's primary argument on appeal is that the district court should have granted its motion because *Portalatin* constituted a supervening change in governing law that called into question the correctness of the district court's judgment. It also points to other circumstances it believes make this case "extraordinary." The State asserts, among other things, that it had no reason to suspect that the district court would issue a ruling when it did, that the Clerk's Office failed to provide the State notice of judgment, that Stevens's counsel "misled" the district court, and that "comity concerns" counsel in favor of granting the State's motion. We find that, even when viewed in the light most charitable to the State, the State's motion is nothing more than one premised on its own mistake, inadvertence, surprise, and neglect-in other words, an untimely Rule 60(b)(1) motion masquerading as a Rule 60(b)(6) motion. The district court did not abuse its discretion in denying the State its requested relief.

## A. Relief Under Federal Rule of Civil Procedure 60(b) Is Not Warranted

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

All motions under Rule 60(b) must be made within a reasonable time, and for a motion under subsection (1), (2), or (3), no later than a year after the entry of judgment. Fed. R. Civ. P. 60(c).

The decision whether to grant a party's Rule 60(b) motion is committed to the "sound discretion" of the district court, and appellate review is confined to determining whether the district court abused that discretion. *Montco, Inc. v. Barr* (*In re Emergency Beacon Corp.*), 666 F.2d 754, 760 (2d Cir. 1981). In no circumstances, though, may a party use a Rule 60(b) motion

as a substitute for an appeal it failed to take in a timely fashion. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Rule 60(b)(6) authorizes a district court to grant relief to a moving party for "any other reason that justifies relief." It is a "grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted). But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that "extraordinary circumstances" warrant relief. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). Of particular concern is that parties may attempt to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b). *See First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989).

Recognizing this concern, we have found that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such "that any conduct which generally falls under the former

cannot stand as a ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976) (internal quotation marks omitted); *see also Liljeberg*, 486 U.S. at 864 n. 11.; *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir. 1971). Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed. *See Klapprott v. United States*, 335 U.S. 601, 614 (1949).[4] For example, in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 850 (1988), the Supreme Court was tasked with determining whether relief under Rule 60(b)(6) was appropriate where a party learned of a judge's conflict of interest 10 months after the Court of Appeals affirmed the district court's judgment. The Court held that the circumstances warranted Rule 60(b)(6) relief and found "[o]f particular importance" that the case did not involve "neglect or lack of due diligence" on the part of the moving party. *Id.* at 864 n.11.

---

[4]The Supreme Court has suggested, in dicta, that Rule 60(b)(6) relief is not available if the moving party is even partly to blame for the delay. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993). Stevens devotes a substantial portion of his brief to urging us to affirm the district court on this ground. Because we find that the State's motion can be fairly classified only as one premised on its own mistake, inadvertence, surprise, or excusable neglect, we have no occasion to consider whether such a categorical bar on the availability of a Rule 60(b)(6) motion is appropriate in all circumstances.

It is undeniable that the State's Rule 60(b)(6) motion is, at bottom, premised on its own mistake, inadvertence, and neglect. Simply put, it is nothing more than a late Rule 60(b)(1) motion.[5] The State's failures were significant. Although it notified the district court that a petition for rehearing en banc had been filed in *Besser*, it never informed the district court that this Court granted the petition for rehearing. Further, the State failed to check the docket sheet to ascertain whether the district court had issued a decision on Stevens's habeas petition. Finally, when this Court rendered its en banc decision in *Portalatin* overruling the *Besser* panel decision, the State failed to notify the district court. This is all the more significant because this Court issued *Portalatin within* the State's time to appeal the district court's order. Had the State kept abreast of the district court's docket sheet, it surely would have prevailed by either appealing or timely seeking reconsideration from the district court.

---

[5]The district court found that the State's neglect was not excusable. We assume that it is only for the sake of argument but recognize that the district court may have been well within its discretion in denying a timely Rule 60(b)(1) motion on these facts. The point is that even when we view the facts in a light most favorable to the State, the State's motion can only be properly viewed as one premised on mistake, inadvertence, surprise, or excusable neglect.

Importantly, at hearing before the district court on the State's Rule 60(b)(6) motion, the State admitted that it was "negligent in failing to check the docket," noted that it "did make mistakes," and suggested that it was partly to blame no fewer than five times.

**B.  The State's Arguments to the Contrary Are Unavailing**

In its briefs, the State contends that the district court abused its discretion in denying its Rule 60(b)(6) motion for a number of reasons.  It argues, among other things, that (1) this Court's decision in *Portalatin* constitutes a supervening change in law that warrants Rule 60(b)(6) relief; (2) the State had no reason to suspect that the district court would rule on Stevens's habeas petition when it did; (3) the Clerk's Office never informed the State of the district court's judgment; (4) Stevens's counsel "misled" the district court; and (5) comity concerns counsel in favor of allowing the State recourse under Rule 60(b)(6). We disagree.

The State's contention that *Portalatin* constitutes a change in decisional law warranting relief under Rule 60(b)(6) is unavailing.  The State recognizes that a change in decisional law rarely constitutes the "extraordinary

circumstances" required to prevail on a Rule 60(b)(6) motion. *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Brien*, 588 F.3d at 176. Nevertheless, the State seeks safe harbor in our decision in *Sargent v. Columbia Forest Products, Inc.*, 75 F.3d 86 (2d Cir. 1986).

The State's understanding of *Sargent* suffers from a fatal defect-it ignores the underlying facts. *Sargent* is not a Rule 60(b) case.[6] Instead, *Sargent* concerned this Court's ability to recall its mandate based on "a supervening change in governing law that calls into serious question the correctness of the court's judgment." *Sargent*, 75 F.3d at 90 (internal quotation marks and alteration omitted). There, the plaintiff-appellant brought to the Court's attention that a dispositive case was then pending before the Vermont Supreme Court. The Court proceeded to affirm the district court without the benefit of the Vermont Supreme Court's decision. When the plaintiff-appellant petitioned for rehearing, the Court denied the petition. About three months later, the Vermont Supreme Court decided the issue in a contrary manner. Just prior to the Vermont

---

[6] We do, of course, recognize that *Sargent* analogized the power to recall a mandate to the power conferred on district courts by Rule 60(b). *See Sargent*, 75 F.3d at 89.

Supreme Court's decision, the plaintiff-appellant filed a petition for a writ of certiorari in the United States Supreme Court, which was later denied. Three weeks after that denial, the plaintiff-appellant moved this Court to modify its mandate. *Id.* at 89.

The *Sargent* Court determined that modification of its mandate was appropriate. It identified four factors that should be considered when determining whether to recall a mandate: (1) whether the governing law is unquestionably inconsistent with the earlier decision; (2) whether the movant brought to the Court's attention that a dispositive decision was pending in another court; (3) whether there was a substantial lapse in time between the issuing of the mandate and the motion to recall the mandate; and (4) whether the equities "strongly favor" relief. *Id.* at 90. The Court found that modification of the mandate was warranted because all four factors weighed in the plaintiff-appellant's favor.

Even a cursory reading of the case demonstrates that it is of no help to the State's position here. In *Sargent*, recall of the mandate was the only recourse available to the diligent appellant. She timely appealed, petitioned for a

rehearing, and filed a petition for a writ of certiorari—in short, she exhausted every avenue of potential relief from the erroneous judgment. Here, the State was not diligent. It failed to notify the district court that this Court granted en banc consideration of *Besser*, failed to check the docket sheet to determine if the district court had rendered a decision, and neglected to inform the district court of this Court's decision in *Portalatin*, which was handed down *within* the State's time to appeal the district court's order. As such, had the State endeavored to apprise the district court of *Portalatin*, it would have become aware of the district court's order and either timely appealed or filed a motion for reconsideration. For these reasons, the State's reliance on *Sargent* is unavailing.[7]

---

[7]Some district courts within the Circuit have employed *Sargent* to determine whether a change in governing law constitutes "extraordinary circumstances" under Rule 60(b)(6). *See, e.g.*, *Scott v. Gardner*, 344 F. Supp. 2d 421, 426-27 (S.D.N.Y. 2004); *Devino v. Duncan*, 215 F. Supp. 2d 414, 417-19 (S.D.N.Y. 2002). However, we have found no Second Circuit case, and none has been cited to us, that has employed the framework in the context of a Rule 60(b)(6) motion. Though the State's reliance on *Sargent* is misplaced largely because of the magnitude of its neglect and its lack of diligence in this case, we recognize that in some cases *Sargent*'s framework may be helpful in determining whether a change in decisional law, unaccompanied by the neglect on the part of a moving party that is present here, may constitute the "extraordinary circumstances" needed to warrant Rule 60(b)(6) relief.

Similarly unavailing is the State's reliance on the fact that it never received notice from the Clerk's Office of the district court's judgment and that, given the considerable uncertainty of the law at the time, it did not expect the district court to render a decision when it did. We quickly dispatch with the latter objection. The State failed to inform the district court that this Court had granted rehearing in *Besser* and thus could not be assured that the district court was aware that *Besser* was subject to en banc review.[8] Had the State so notified the district court, it would have avoided the unfortunate situation it now finds itself in. In any event, "[c]ounsel should not . . . neglect their duty to monitor the docket on the basis of speculation as to the probable date of decision."

[8] As the State points out in its brief, Judge Kaplan authored the district court opinion denying James Besser's habeas petition. Notice of this Court's grant of en banc review in the four other appeals originally consolidated under *Besser* appeared on the district court's docket sheet for James Besser on May 14, 2010. The State faults Judge Kaplan for granting Stevens's habeas petition "based on a [Second Circuit] panel decision . . . that it should have know was the subject of en banc review." State Br. 18. Regardless of whether Judge Kaplan "should have known" that the *Besser* panel decision was being reviewed by the en banc Court-either because of the entries on James Besser's docket sheet or because the matter was subject to public reporting-the State would have avoided all of the issues it now confronts had it simply acted in a diligent and reasonable manner. We thus are not convinced by the State's attempts to lay blame that properly belongs to it at the feet of others.

*See Hassett v. Far West Fed. Sav. and Loan Ass'n* (*In re O.P.M. Leasing Servs., Inc.*), 769 F.2d 911, 916 (2d Cir. 1985).

Nor does the Clerk's failure to provide the State notice of the judgment rescue the State's Rule 60(b)(6) motion.  It is true, as the State points out, that Federal Rule of Civil Procedure 77(d)(1) requires the Clerk to serve notice of the entry of an order or judgment on the parties. But the very next subsection of the Rule provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve-or authorize the court to relieve-a party for failing to appeal within the time allowed."  Fed. R. Civ. P. 77(d)(2).  It follows that lack of notice of the entry of judgment does not constitute extraordinary circumstances warranting Rule 60(b)(6) relief.  This Court has made clear that the "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal."  *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001).

We also reject the State's contention that the length of time it took it to file a Rule 60(b) motion should be excused because Stevens's counsel "misled" the district

court on two occasions. The State faults Stevens's counsel for informing the district court that it was bound by the panel decision in *Besser* and for failing to notify the district court that the en banc petition in *Besser* had been granted even though the district court directed Stevens's counsel to "notify the Court promptly upon the resolution of the noted appeals" when it transferred Stevens's case to the suspense docket. Although Stevens's counsel made the tactical decision to wait over a year before seeking to enforce the district court's September 2010 order granting Stevens's habeas petition, Stevens's counsel did not mislead the district court. First, as the district court recognized,[9] the district court was hardly duped by Stevens's counsel into believing that the mandate in *Besser* had issued. Indeed, the State, by letter dated April 16, 2010, informed the district court that the mandate had yet to issue and that an en banc petition was pending. As to the district court's direction to Stevens's counsel to notify the court of the outcome of the "noted appeals," it is clear from the context of the order that the district

_____

[9]At the hearing on the State's Rule 60(b)(6) motion, the district court characterized the State's argument on this score as "silly." We agree.

court had in mind the outcome of the consolidated appeals before the *Besser* panel, not a continuing obligation to inform the district court of each development subsequent to the panel rendering a decision. Significantly, the district court understood its own order as such.

Finally, we reject the State's claim that "comity concerns" counsel in favor of allowing the State recourse to Rule 60(b)(6) relief. To be sure, "[t]he state has a strong interest in assuring that constitutionally valid state court judgments are not set aside and can be carried out without undue delay." *Ritter v. Smith*, 811 F.2d 1398, 1403 (11th Cir. 1987). Where the State does not diligently protect its interests, however, comity concerns have considerably less force. Had the State behaved in a reasonable manner, Stevens's sentence would not have been set aside by the federal courts. But it did not behave in a reasonable manner. The State should not now be heard to complain of comity concerns that find their genesis in its own neglect and failure to litigate Stevens's habeas petition with due diligence.

## III. Conclusion

We find that the district court did not abuse its discretion in denying the State's Rule 60(b)(6) motion. Accordingly, the district court's order of December 23, 2011 is hereby **AFFIRMED**. Stevens's *pro se* motion dated March 16, 2012 requesting immediate release from custody is moot because Stevens has been released.