11-4080-cr(L)
*United States v. Nawaz, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

Present:
> JON O. NEWMAN,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                     Nos. 11-4080-cr(L), 11-4309-cr(CON)

RAB NAWAZ, WENDY WERNER,

> *Defendants-Appellants.*

———————————————————————————

1

FOR APPELLANTS:      Donna R. Newman, New York, NY, for Appellant Nawaz.

Charles F. Willson, Nevins Law Group LLC, East Hartford, CT, for Appellant Werner.

FOR APPELLEE:      Susan L. Wines, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

_____

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED,** and that the motion of Defendant-Appellant Wendy Werner to recall the mandate issued on February 19, 2014 is **DENIED**.

On January 29, 2014, this Court affirmed the district court's judgment with respect to Defendants-Appellants Rab Nawaz ("Nawaz") and Wendy Werner ("Werner"), except that we withheld determination of Nawaz's appeal of that portion of the district court's judgment requiring payment of restitution pending the Supreme Court's disposition of *United States v. Robers*, 698 F.3d 937 (7th Cir. 2012), *cert. granted*, 82 U.S.L.W. 3231 (U.S. Oct. 21, 2013) (No. 12-9012). That mandate later issued on February 19, 2014. Subsequently, Werner filed a motion to recall the mandate on the ground that this Court overlooked the potential impact of *Robers* on her appeal.

The Supreme Court's decision, *Robers v. United States*, 572 U.S. 2---, 134 S. Ct. 1854 (2014), was issued May 5, 2014. Thereafter, we directed Nawaz to file a supplemental letter brief addressing the effect of *Robers* on his appeal. Despite her failure to raise a challenge to

the restitution order on appeal or before the district court,[1] we have also permitted Werner to address the effect of *Robers* on her motion to recall the mandate as well as on her appeal from that portion of the judgment ordering restitution in the event we were to recall the mandate and examine that issue.

1. **Nawaz's Appeal from the Restitution Order**

We review a district court's order imposing restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, for plain error when, as here, "a defendant fails to object to the restitution order at the time of sentencing." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012). Plain error exists where "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration and internal quotation marks omitted). We assume the parties' familiarity with the facts, procedural context, and issues on appeal.

Nawaz contends that the district court plainly erred in calculating his restitution amount by (1) relying on nominal resale values for the properties sold via strict foreclosure proceedings and (2) accepting the government's appraisal values of the properties that had yet to be sold at the time of sentencing. Nawaz further argues that (3) the victims caused their own losses by refusing to proceed with the sales using public bidding or an auction and

---

[1] At oral argument, in response to the panel's question concerning whether an argument regarding restitution had previously been raised, Werner's counsel suggested that *Robers* could have an impact on the determination of the amount of restitution Werner would owe. At no time, however, did Werner challenge explicitly the restitution order entered in the district court.

(4) the district court's use of the government appraisal values at the time of sentencing failed to allow for a credit against the loan as well as avoid potential windfalls for the victims in contravention of the MVRA. We disagree.

In *Robers*, the Supreme Court held that under the MVRA the phrase "'any part of the property' refers only to the specific property lost by a victim, which, in the case of a fraudulently obtained loan, is the money lent. Therefore, no 'part of the property' is 'returned' to the victim until the collateral is sold and the victim receives money from the sale." *Robers*, 134 S. Ct. at 1856. "[A] sentencing court must reduce the restitution amount by the amount of money the victim received in selling the collateral, not the value of the collateral when the victim received it." *Id.* The Supreme Court further indicated that other provisions of the statute, namely §§ 3664(f)(2), 3664(f)(3)(A) and 3664(f)(4) "seem[ed] to give a court adequate authority to count, as part of the restitution paid, the value of collateral previously received but not sold." *Id.* at 1858.

Based on *Robers* and this Court's precedent in *United States v. Boccagna*, 450 F.3d 107, 117 (2d Cir. 2006), the district court did not plainly err by using in its restitution calculation the resale values of the properties sold and the appraisal values obtained by lenders in the foreclosure proceedings for the unsold properties. Moreover, we have already rejected the notion that the properties were sold for nominal prices. *United States v. Nawaz*, 555 F. App'x 19, 25-26 (2d. Cir. 2014) (summary order). Indeed, the record reflects that in the case of the sold properties, the cost of carrying the properties in some instances was approximately equal to or greater than the resale value. We discern no error in the district court's approach. The district court reduced Nawaz's restitution amount by the appraisal values for the homes

4

that had not been resold in order to give Nawaz credit for collateral the lenders received, a process comporting with *Robers.*  Finally, as the government indicates, the district court's calculation inured to Nawaz's benefit because it reduced the restitution ordered by an amount Nawaz had previously accepted as fair.

### 2.  Werner's Motion to Recall the Mandate

Preliminarily, we note that Werner's brief paragraph response adopting Nawaz's argument that the victims caused their own losses by refusing to proceed with the foreclosure sales using public bidding or an auction fails to respond to this Court's directive to address the effect of *Robers* on her motion to recall the mandate.  Any argument on that point is thus waived.  In addition, as stated above this argument is without merit.

It is well established that our power to recall our mandate must be "exercised sparingly, and reserved for exceptional circumstances."  *Sargent v. Columbia Forest Prods., Inc.,* 75 F.3d 86, 89 (2d Cir. 1996) (internal citations and quotation marks omitted).  When determining whether to recall a mandate, we consider "(1) whether the governing law is unquestionably inconsistent with the earlier decision; (2) whether the movant brought to the Court's attention that a dispositive decision was pending in another court; (3) whether there was a substantial lapse in time between the issuing of the mandate and the motion to recall the mandate; and (4) whether the equities 'strongly favor' relief."  *Stevens v. Miller*, 676 F.3d 62, 69 (2d Cir. 2012) (quoting *Sargent,* 75 F.3d at 90).  Werner fails to identify any extraordinary circumstance, and we see none.  Additionally, *Robers* provides no basis to challenge this Court's decision affirming Werner's sentence nor to challenge the district

5

court's calculation of Werner's restitution amount, in sum no basis for this Court to recall its mandate. Accordingly, Werner's motion is denied.

We have examined Nawaz and Werner's remaining arguments and find them to be without merit. For the foregoing reasons we AFFIRM the district court's judgment regarding restitution Nawaz is required to pay, and we DENY Werner's motion to recall the mandate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk