*Knox v. Countrywide Bank.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            ROBERT D. SACK,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DIANA A. KNOX, PHILIP L. KNOX, JR.,
                    *Plaintiffs-Appellants*,

                    v.                                          16-155

COUNTRYWIDE BANK, BANK OF AMERICA N.A.,
THEIR SUCCESSORS AND ASSIGNS, OCWENS LOAN
SERVICING, LLC, THEIR SUCCESSORS AND ASSIGNS,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
MERSCORP HOLDINGS, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., ANY
AND ALL INDIVIDUAL(S)/BUSINESS(ES) UNKNOWN
TO PLAINTIFF(S) AND HAVING AN ADVERSE CLAIM
OF AN ESTATE OR INTEREST IN REAL PROPERTY OF
PLAINTIFF(S),
                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    Diana A. Knox and Philip L. Knox, Jr.,
                              *pro se*, Sea Cliff, NY.

FOR DEFENDANTS-APPELLEES      Suzanne M. Berger, Bryan Cave LLP, New
COUNTRYWIDE BANK, BANK OF     York, NY.
AMERICA N.A., THEIR SUCCESSORS
AND ASSIGNS, MERSCORP
HOLDINGS, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., ANY AND ALL
INDIVIDUAL(S)/BUSINESS(ES)
UNKNOWN TO PLAINTIFF(S) AND
HAVING AN ADVERSE CLAIM OF AN
ESTATE OR INTEREST IN REAL
PROPERTY OF PLAINTIFF(S):

FOR DEFENDANT-APPELLEES       Dustin Mansoor, Houser & Allison, APC,
OCWENS LOAN SERVICING, LLC,   New York, NY.
THEIR SUCCESSORS AND ASSIGNS,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION:

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-appellants Diana A. Knox and Philip L. Knox, Jr. (the "Knoxes"), *pro se*, brought this action in state court against several financial institutions, including, *inter alia*, Bank of America, N.A. ("BANA"), and Countrywide Bank, FSB ("CWB"), to quiet title to certain real property located in Sea Cliff, New York.   The complaint alleges

that fraud invalidates BANA's interest in the residential mortgage encumbering such property, which BANA obtained after acquiring CWB.

Defendants removed this action to the district court based on diversity jurisdiction. Pursuant to various motions filed by the parties, the magistrate judge recommended granting summary judgment to defendants on the Knoxes' quiet title claim and denying the Knoxes' motion to amend their complaint (the "R&R"), which sought to add a nondiverse defendant, Countrywide Home Loans ("CHL"). While the Knoxes did not formally object to the R&R, they did file a letter requesting a pre-motion conference concerning subject matter jurisdiction. The district court construed the letter as challenging its subject matter jurisdiction, and treated it as both an objection to the R&R and a motion to reconsider the denial of the Knoxes' motion to remand.

On September 9, 2015, the district court adopted the R&R, rejected the Knoxes' subject matter jurisdiction challenge, and dismissed all of their claims. It entered a final judgment on September 11, 2015. The Knoxes did not file a notice of appeal from the underlying judgment within the 30 days prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A), but did file a motion to vacate and remand on November 9, 2015, again challenging the district court's subject matter jurisdiction on the basis that CHL -- a New York company and subsidiary of CWB -- destroyed diversity. The district court construed that submission as a motion for reconsideration and denied it on December 18, 2015. The Knoxes filed a notice of appeal on January 14, 2016. On

appeal, they challenge both the underlying judgment and the denial of their motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a threshold matter, although the Knoxes did not file their motion for reconsideration within 28 days of the judgment, we have jurisdiction to review the underlying judgment. Under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), a motion for reconsideration filed within 28 days of the judgment tolls the 30-day deadline to appeal. Unlike the 30-day deadline for filing a notice of appeal, which is jurisdictional, the 28-day tolling deadline for filing a motion for reconsideration is a "claim-processing rule" and thus may be waived by the opposing party or equitably excused. *See Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311-13 (2d Cir. 2015). Therefore, a reconsideration motion that is filed more than 28 days after entry of judgment may toll the time to appeal under Rule 4(a)(1)(A) if the opposing party fails to object to it as untimely. *See id*. On appeal, defendants do not argue that the untimeliness of the reconsideration motion deprives the Knoxes of the benefits of Rule 4(a)(4(A)(vi) tolling. Consequently, defendants have waived any such argument and we have jurisdiction to review both the denial of reconsideration and the underlying judgment. *See id*.

Applying principles of liberal construction, we conclude that the Knoxes sufficiently objected to the R&R to the extent that it recommended denying their motion for leave to amend to add CHL as a party so as to preserve the issue for appellate review.

- 4 -

*See United States v. Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997). As noted, the Knoxes also challenged subject matter jurisdiction in their motion for reconsideration, contending that CHL either was a defendant or should have been added as a defendant. We discuss each issue below.

We review questions of subject matter jurisdiction *de novo*, *Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007), and a district court's denial of a reconsideration motion for abuse of discretion, *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A district court has abused its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations and quotations marks omitted).

We conclude that the district court correctly determined that it had subject matter jurisdiction over the Knoxes' claims. As noted, with the exception of CHL, who was not a named defendant, the parties to this action are completely diverse and the amount in controversy exceeds $75,000. Therefore, the district court plainly had subject matter jurisdiction over the Knoxes' claims. *See* 28 U.S.C. § 1332(a)(1). Moreover, we identify no error in the district court's adoption of the magistrate judge's recommendation that it deny leave to amend or its denial of the reconsideration motion. Federal Rule of Civil Procedure 21 permits a district court to dismiss claims against a dispensable nondiverse party to preserve diversity jurisdiction. *See Call Ctr. Techs., Inc.*

*v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011). Here, CHL would have been a dispensable party because, as the Knoxes' own brief acknowledges, BANA, not CHL, "was the responsible party" because it has "absorbed" CHL. Appellants' Br. at 12. Therefore, because the district court could have dismissed any claim against CHL to preserve diversity jurisdiction under Rule 21, it was not error to deny the Knoxes leave to amend or to deny their reconsideration motion. *See Call Ctr. Techs., Inc.*, 635 F.3d at 51.

As to the Knoxes' challenges to the underlying judgment, we conclude that, by objecting to the R&R only on the basis of subject matter jurisdiction, the Knoxes have waived appellate review of any non-jurisdictional challenges to the dismissal of their quiet title claim and the denial of leave to amend. *See Male Juvenile*, 121 F.3d at 38 ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Although we may excuse waiver "in the interests of justice," *id*. at 39, we decline to do so here: The Knoxes could not have succeeded on their claim to quiet title because, as the magistrate judge noted, they had an outstanding mortgage obligation and amendment would have been futile because their proposed amended complaint did not allege any facts suggesting that their mortgage obligation was discharged. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered the Knoxes' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk