18-2965-cv
Keepers, Inc. v. City of Milford

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             REENA RAGGI,
                        *Circuit Judges*.

---

KEEPERS, INC.,

                        *Plaintiff-Appellant*,

                  v.                                              18-2965-cv

CITY OF MILFORD,

                        *Defendant-Appellee*.[1]

---

For Appellant:          Jonathan J. Klein, Bridgeport, CT (Jennifer M. Kinsley, Cincinnati, OH, Daniel A. Silver, New Britain, CT, *on the brief*)

For Appellee:           Scott D. Bergthold, Chattanooga, TN

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-Appellant Keepers, Inc. appeals from the September 11, 2017 order of the United States District Court for the District of Connecticut (Thompson, *J.*), denying its Rule 60(b) motion as barred by the one-year limitations period applicable to motions under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1). Keepers, Inc. argues that the district court erred in not applying the "reasonable time" standard applicable to motions under Rule 60(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's ruling on a motion filed pursuant to Federal Rule of Civil Procedure 60(b) for abuse of discretion. *In re Terrorist Attacks on September 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013). It is well settled that "we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 68 (2d Cir. 1991) (internal quotation marks omitted).

A party seeking relief under Rule 60(b)(6) is required "to demonstrate that extraordinary circumstances warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). "[A] change in decisional law rarely constitutes the 'extraordinary circumstances' required to prevail on a Rule 60(b)(6) motion." *Id.* at 69. Because Keepers, Inc. has failed to show such extraordinary circumstances under Rule 60(b)(6) and did not make its motion in the district court within a reasonable time, we affirm the district court's denial of its Rule 60(b) motion. We need not reach the merits of Keepers, Inc.'s argument regarding the effect of *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), on this case. *See S.E.C. v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998) ("The appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying judgment itself."); *see also Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).

We have considered the remainder of Keepers, Inc.'s arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk