19-2367 (L)
*In re Igor Y. Melnik*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

In re: Igor Y. Melnik,

> *Debtor*.

_____

Deepika Reddy, Pratap Reddy,

> *Appellants*,

v.

Igor Y. Melnik,

> *Debtor-Appellee*.

_____

Nos. 19-2367 (L),
20-1634 (Con)

FOR APPELLANTS:                    Deepika and Pratap Reddy, pro se,
                                   Austin, TX.


FOR DEBTOR-APPELLEE:               Mary Lannon Fangio, Whitelaw &
                                   Fangio, Syracuse, NY.


Appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*) and an order of the United States Bankruptcy Court for the Northern District of New York (Davis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court and order of the bankruptcy court are **AFFIRMED**.

This case arises out of an adversary proceeding brought by appellants Deepika and Pratap Reddy ("the Reddys") in the Chapter 7 bankruptcy of Igor Melnik, to whom the Reddys sold their Syracuse, New York-based dental practice. In the lead appeal, the Reddys, proceeding pro se, challenge the district court's affirmance of the bankruptcy court's dismissal of their adversary proceeding and discharge of the debt owed to them by Melnik. In the consolidated appeal, the Reddys appeal the bankruptcy court's order denying their motion for reconsideration.[1]

---

[1] The consolidated appeal was certified for immediate appeal to this Court under 28 U.S.C. § 158(d)(2)(A)(iii).

We review the district court's order here as if we were reviewing the bankruptcy court's judgment directly. *See In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010) ("[A]n order of the district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review."). In so doing, we "accept[] the bankruptcy court's factual findings unless they are clearly erroneous, and review[] its conclusions of law de novo." *Id.*

In the lead appeal, we affirm for substantially the reasons stated by the district court in its July 2, 2019 decision. Although the Reddys contend that Melnik defrauded them into selling him their dental practice and financing the sale, the bankruptcy court did not clearly err in holding that Melnik lacked the requisite intent to deceive the Reddys and that the Reddys did not rely on his alleged misrepresentation – i.e., that he was still married to his dental hygienist – when they agreed to sell him the practice. The court also reasonably determined that the allegedly false statements made about the financing for the sale were made by a third party, not Melnik. Additionally, the Reddys were unharmed by Melnik's allegedly false statements concerning his attempts to resell the dental practice, made in an effort to renegotiate repayment terms, since the Reddys never agreed to reduce the debt obligation.

As for the consolidated appeal, we agree with the bankruptcy court that the Reddys' motion for reconsideration under Rule 60(b)(1) – which was filed nearly one year after the bankruptcy court's judgment – was untimely because it was not brought within the fourteen-day window to appeal under Federal Rule of Bankruptcy Procedure 8002(a)(1). *See In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) (holding that a Rule 60(b)(1) motion seeking correction of a court's mistakes must be brought within the deadline for a direct appeal). But even if we were to consider that motion on the merits, the Reddys have not demonstrated clear error in the bankruptcy court's factual findings. *See In the Matter of Motors Liquidation Co.*, 829 F.3d 135, 158 (2d Cir. 2016). And because they did not object contemporaneously to the bankruptcy court's evidentiary rulings, we review those rulings only for plain error, which the Reddys have not established. *See Caruolo v. John Crane, Inc.*, 226 F.3d 46, 55 (2d Cir. 2000).

Nor did the bankruptcy court err in rejecting the Reddys' motion to vacate based on their assertion that their former attorney, Gilles Abitbol, fraudulently represented that he was lawfully present in the United States.[2] Federal Rule of Civil

---

[2] It is unnecessary for us to make any findings regarding Abitbol's immigration status because we find no basis for reversing the bankruptcy court's judgment even if the Reddys' allegations on this subject are accurate. We note, however, that we are unaware of any court or government agency findings regarding Abitbol's immigration status, and that previous attempts by Dr. Reddy to bring claims against Abitbol based on his immigration status were unsuccessful. *See, e.g., Reddy v. Abitbol*,

Procedure 60(b)(2) requires a showing of "newly discovered evidence," and the record is clear that the Reddys knew of Abitbol's immigration status long before the bankruptcy court dismissed their adversary complaint in September 2018. In fact, Deepika Reddy testified about Abitbol's immigration status during her deposition in connection with the adversary proceeding on December 20, 2017. *See Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (explaining that reconsideration under Rule 60(b)(2) is unavailable where "the evidence [is] merely cumulative") (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).

Similarly, Rule 60(b)(3), which allows for the reopening of a judgment based on "fraud . . . by an opposing party," is inapplicable since even the Reddys concede that the opposing party, Melnik, had nothing to do with Abitbol's alleged fraud. The Reddys' reliance on *United States v. Throckmorton* is likewise misplaced because that case, in setting forth the circumstances under which attorney fraud permits relief from judgment, requires that the attorney "fraudulently . . . assume[d] to represent a party *and connive[d] at his defeat*." 98 U.S. 61, 66 (1878) (emphasis added). The Reddys

---

No. 5:19-cv-1493, 2020 WL 1526937, at *3 (N.D.N.Y. Mar. 31, 2020) (dismissing complaint as frivolous because "Plaintiff has no legal basis to claim that Defendant Gilles Abitbol's representation of her, or any other party, was 'unauthorized' or invalid because of his alleged immigration status.").

do not allege that Abitbol connived to bring about their defeat – in the bankruptcy court or anywhere else.

Finally, the Reddys argue that they are entitled to relief under Rule 60(b)(6), which permits a court to revisit a final judgment for "any . . . reason that justifies relief." We have held, however, that relief under Rule 60(b)(6) requires "extraordinary circumstances" – and the circumstances presented here are far from extraordinary. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Again, Melnik was unaware of Abitbol's efforts to conceal his immigration status. More importantly, the Reddys have not demonstrated that Abitbol's advice to them was deficient or that his immigration status had any impact whatsoever on the proceeding held in the bankruptcy court. To the extent that the Reddys were harmed by Abitbol's purported misrepresentations concerning his immigration status, their recourse lies in a separate action against Abitbol, not a redo of their adversary proceedings in Melnik's bankruptcy.

We have considered the Reddys' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and the order of the bankruptcy court denying reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court