23-1035-cv
Doe v. Bd. of Educ. of N. Colonie Cent. Sch. Dist.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-four.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------
JANE DOE, INDIVIDUALLY AND AS PARENTS
AND NATURAL GUARDIANS OF JOHN DOE,
AN INFANT, JOHN DOE, SR., INDIVIDUALLY
AND AS PARENTS AND NATURAL
GUARDIANS OF JOHN DOE, AN INFANT,

*Plaintiffs-Appellants*,

v.                                                          No. 23-1035-cv

BOARD OF EDUCATION OF NORTH
COLONIE CENTRAL SCHOOL DISTRICT,
NORTH COLONIE CENTRAL SCHOOL
DISTRICT, SHAKER CAPITALS LACROSSE

CLUB, INC., SUPERINTENDENT D. JOSEPH CORR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, GARRETT COUTURE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, SHAWN HENNESSEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, JOSEPH POLLICINO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CLAYTON HOWELL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, ABBEY NORTH, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, THOMAS JOHN KARL,

*Defendants-Appellees.*

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | Ryan M. Finn, Finn Law Offices, Albany, NY |
| FOR APPELLEES BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOL DISTRICT, NORTH COLONIE CENTRAL SCHOOL DISTRICT, D. JOSEPH CORR, ABBEY NORTH: | Patrick J. Fitzgerald, Scott P. Quesnel, Girvin & Ferlazzo, P.C., Albany, NY |
| FOR APPELLEES SHAKER CAPITALS LACROSSE CLUB, INC., GARRETT COUTURE, SHAWN HENNESSEY, JOSEPH POLLICINO, THOMAS JOHN KARL: | Stephen J. Rehfuss, The Rehfuss Law Firm, P.C., Latham, NY |
| FOR APPELLEE CLAYTON HOWELL: | Owen Demuth, Assistant Solicitor General, Andrea Oser, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY |

2

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Plaintiffs Jane and John Doe appeal from a June 27, 2023 order of the United States District Court for the Northern District of New York (Hurd, *J.*) denying their motion under Federal Rule of Civil Procedure 60(b)(1) to vacate the District Court's dismissal of their claims with prejudice.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court initially dismissed the Plaintiffs' complaint without prejudice on April 6, 2023, citing their failure to meet basic pleading requirements.   The dismissal order set an April 27, 2023 deadline for the Plaintiffs to refile the complaint and warned that failure to comply with the deadline would result in dismissal of the complaint with prejudice.   The Plaintiffs failed to respond or to file an amended complaint by the deadline, and the District Court entered a final judgment dismissing their complaint with prejudice on May 2, 2023.   After receiving the notice of dismissal, counsel for the

3

Plaintiffs requested leave to file an amended complaint the next day.   The

District Court did not respond, and the Plaintiffs failed to file an amended

complaint.   A few weeks later, the Plaintiffs instead moved under Federal Rule

of Civil Procedure 60(b)(1) to vacate the judgment of dismissal based on

excusable neglect.   The District Court denied the motion.

"The decision whether to grant a party's Rule 60(b) motion is committed to

the sound discretion of the district court, and appellate review is confined to

determining whether the district court abused that discretion."   *Stevens v. Miller*,

676 F.3d 62, 67 (2d Cir. 2012) (quotation marks omitted).   The Plaintiffs argue on

appeal that the District Court abused its discretion by denying their motion to

vacate the judgment because they demonstrated excusable neglect.   "A motion

for relief from judgment is generally not favored and is properly granted only

upon a showing of exceptional circumstances."   *United States v. Int'l Bhd. of*

*Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).   "The burden of proof is on the party

seeking relief."   *Id.*   To determine whether a party's failure to obey a court-

ordered deadline is excusable under Rule 60(b)(1), a district court must consider

the equitable factors set forth in *Pioneer Investment Services Co. v. Brunswick*

*Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993): "(1) the danger of prejudice to

4

the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013) (citing *Pioneer*, 507 U.S. at 395). In this analysis, "the third [*Pioneer*] factor . . . predominates, and the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004).

The District Court described as "highly questionable" the Plaintiffs' stated reason for missing the filing deadline—namely, that the docket notifications containing the April 6 order were emailed to their counsel's spam folder, rather than his inbox. App'x 239. The Plaintiffs have never plausibly explained why only the April 6 notifications were sent to counsel's spam folder, while all other notifications were sent to his inbox. Counsel also admitted to the District Court that a part-time employee at counsel's firm *did* receive the April 6 notifications in the employee's inbox. In addition, the District Court noted that counsel had failed to comply with prior deadlines because he had been unaware of docket notifications. Counsel also implied that he had not otherwise been monitoring the docket for over two months because he was "under the impression [he was]

5

waiting for a Decision from the Court." *Id.* at 193. Under these circumstances, the District Court did not abuse its discretion in attributing counsel's failure to file to "inattention to the docket," *id.* at 241, rather than circumstances beyond his control.

The District Court also considered the remaining *Pioneer* factors and found that even if several of the remaining factors favored the Plaintiffs, this did not outweigh the effect of the third factor in this case. *See Williams*, 391 F.3d at 415–16; *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) ("The equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule, and . . . where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." (cleaned up)).

Accordingly, the District Court did not abuse its discretion in denying the Plaintiffs' Rule 60(b)(1) motion.

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6