**TIRES, Inc., Appellant,**

v.

**The TRAVELERS FIRE INSURANCE COMPANY, Appellee.**

**No. 7559.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 15, 1958.

Decided March 4, 1958.

———◆———

Hubert E. Nolin, Robert F. Plaxco, Jr., and W. H. Arnold, Greenville, S. C. (Love, Thornton & Arnold, Greenville, S. C., on the brief), for appellant.

Wesley M. Walker and J. D. Todd, Jr., Greenville, S. C. (Leatherwood, Walker, Todd & Mann, Greenville, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WARLICK, District Judge.

WARLICK, District Judge.

This is an appeal by Tires, Inc., from a judgment entered against it in the District Court on the verdict returned by a jury, in an action brought by appellee under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201.

Plaintiff below, the Travelers Fire Insurance Company, on June 26, 1954, issued to appellant its certain fire insurance policy, No. 2793958, with an extended coverage endorsement attached, for a five year period. An added premium was paid by the insured for such extended coverage. The material parts of the rider are set out in the policy as follows:

"In consideration of the premium for this coverage shown on the first page of this policy, and subject to provisions and stipulations (hereinafter referred to as "provisions") herein and in the policy to which this Extended Coverage is attached, including riders and endorsements thereon, the coverage of this policy is extended to include direct loss by windstorm, hail, *explosion*, riot, riot attending a strike, civil commotions, aircraft, vehicles and smoke.

"Provisions Applicable Only to Explosion: Loss by explosion shall include direct loss resulting from the explosion of accumulated gases or unconsumed fuel within the firebox (or the combustion chamber) of any fired vessel or within the flues or passages which conduct the gases or combustion therefrom but this Company *shall not be liable for loss* by explosion, rupture, or bursting of steam boilers, steam pipes, steam turbines, steam engines, or flywheels, owned, operated or controlled by the Insured or located in the building(s) described in this policy.

"Any other explosion clause made a part of this policy is superseded by this Extended Coverage."

The property insured was located in a business building occupied by appellant on the North side of East Washington Street in the City of Greenville, South Carolina. The policy in suit was one of seven such outstanding policies of fire insurance with extended coverage riders all issued by the same local agency, and covered the losses claimed herein. However, two of the policies contained extended coverage endorsements which eliminated explosion, bursting water mains, and pipes. A recovery in these two policies was thereupon abandoned. Counsel have stipulated that a decision in this case would be controlling in the other four policies and that such decision would constitute a determination of the claims made. The matter was so tried in the District Court.

On May 29, 1956, while such insurance was in full force and effect the American Plumbing Company had two Negro workmen doing the necessary work incident to tapping an eight inch water main located in said street, for the purpose of installing a sprinkler system in the building situate on the South side of East Washington Street,—such excavating being made by the plumbing company directly in front of the building in which appellant had its business,—the work being mainly done through the use of a large and rather heavy pneumatic air hammer. In doing such work a steel bit attached to the air hammer was first used so as to break through the cement paving and later a spade some four inches in width was substituted for the bit and such was used to cut through the rock, dirt, and other substances underneath the roadway and was over the water main.

One worker handled the air hammer and the other one working in the excavation behind him was engaged in removing dirt, rock, and debris from the opening in the pavement with a hand shovel. While such work was being done the water main near the bottom of the hole made in the pavement broke at or near the spot where the air hammer was being used, and water thereupon began to "bubble out", to use the words of one of the witnesses present; and coming out in "not too large a stream" at first, as another witness who was present testified; and "going across the street in a direction and on a course opposite that of the location of the appellant's business, but a few minutes later changing its course and coming back and deluging the property of the appellant", as a police officer on duty nearby testified. The colored man who was using the air hammer testified that it "sounded like if you would take a baseball bat and hit an old mattress or something, a 'woof' noise"; all resulting in a considerable water damage to much of appellant's stock of merchandise, and a loss claimed of approximately $30,000.

Appellant filed proof of loss, properly verified by its President, on July 19, 1956, in which the cause and origin of the loss sustained was stated to be "ruptured water main, eight inch water main in front of store was ruptured by air hammer, flooding building, breaking windows, and deluging contents." Promptly on receipt of proof of loss appellee wrote Tires, Inc. that its claimed loss and damage was not covered or insured against, under the terms and provisions of the policy, and later when appellant indicated its dissatisfaction with this position, appellee filed this action seeking a decree from the court that it was not liable for the damage claimed.

The sum of $3,253.22 was sought as damage under the policy in suit pursuant to an apportionment based on the total insurance upon the property described in the various policies.

On demand for a jury being made by Tires, Inc., the matter came on for trial and was submitted to the jury on the following consent issue:

"Do the facts as found by you constitute an explosion?"

The jury answered the issue "No."

Obviously appellant's cause of action and its right to recover hinges on the meaning of the word "explosion" written into the rider of said policy. The cause was so tried before the jury. Appellant contending that its damage came about and was proximately caused by an explosion. Appellee's defense was to the effect that there was no explosion, and that the water main was either punctured, ruptured or broken by a direct contact with the air hammer.

Appellant brings forward three questions for our determination on its appeal:

"1.   Was there an explosion within the terms of the Policy and the facts of the case?

"2.   Did the trial Judge err in permitting the introduction of the Proof of Loss in evidence and in telling the jury that the weight to be given it was for their determination?

"3.   Did the Court err in charging the jury that they must determine what was the proximate cause of the break in the water pipe?"

■ On the question as to whether or not there was an explosion, this was a question of fact which was properly submitted to the jury. While there was testimony in support of appellant's theory of the case, it was not of so conclusive a character as to warrant the direction of a verdict in appellant's favor. In a charge which was as favorable to appellant as could have been asked and to which no exceptions were taken by appellant, the jury was instructed as follows:

"An explosion is a violent bursting with noise following the production of pressure or a sudden release of pressure. There must be noise even though it need not necessarily be loud for this depends on the type and size of the explosion. There must also be pressure for an explosion to take place. However, the pressure need not be unusual or abnormal nor does it have to be suddenly produced.

"Now, you are instructed that the word 'explosion' as used in the present policies is to be taken in its broadest sense and construed in a way most favorable to the insured. There is a well-known principle of law which holds that any ambiguity or uncertain terms in an insurance contract must be construed most favorable to the insured. Your decision as to whether or not there was an explosion is to be governed by the definition of explosion which I shall now give you.

"The cause or causes of an explosion may be inside the particular thing which exploded; or there may be a combination of inside and outside or surrounding forces, which may bring about an explosion."

Later in his instructions to the jury the learned judge gave the following special instructions as requested by appellee:

"I charge you that the term 'explosion' used in its ordinary sense and related to the common experience of men presupposes that there is first of all a building up of pressure from within or from some internal force, that because of this internal building up of pressure and as a direct result thereof, there is an expansion, the pressure can no longer be contained, and there is a bursting forth from within caused by an internal force with a possible violent noise and reaction."

■ As to the proofs of loss, these were clearly competent as admissions against interest by appellant, even though denial of liability waived necessity for such proofs. See Orenstein v. Star Ins. Co., 4 Cir., 10 F.2d 754. The judge properly instructed the jury with regard thereto, as follows:

"You have heard the testimony in connection with these proofs of loss; that is, the explanation given con-

cerning the proofs of loss. And I am leaving it entirely to you to determine the value or the weight of the explanation which has been given and what weight you shall give to the testimony in connection with these proofs of loss."

In its brief in this court appellant argues on the third question that there was error in the following sentence of the charge:

"In deciding whether or not there was an explosion, you must determine what was the proximate cause of the break in the water pipe. By proximate cause I refer to the real cause of the break in the pipe—the cause but not for which it would not have occurred, that is, the operating, originating, efficient or direct cause."

We do not think that appellant was harmed by the portion of the charge of which it complains; for the sentence quoted was followed by another in which the jury was explicitly told that it might find that there was an explosion, if it should find that the bursting of the water pipe was found to have been caused as contended by appellant. The jury was told:

"If you find from the evidence presented in this case that the vibrations from the use of the air hammer by the plumbing company employees was the proximate cause of the incident which occurred, you may, of course, find that there was an explosion."

We think the the charge clearly submitted to the jury what was the real question in the case, i. e. whether the rupture of the water pipe was due to explosion or to some other cause. This was a pure question of fact; and there is no ground upon which we would be justified in disturbing the jury's verdict.

Affirmed.