21-1348-cv
SEC v. Penn

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
               RAYMOND J. LOHIER, JR.,
               WILLIAM J. NARDINI,
               *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff-Appellee*,

    v.                                    No. 21-1348-cv
                                            21-1352-cv

LAWRENCE E. PENN, III, CAMELOT
ACQUISITIONS SECONDARY
OPPORTUNITIES MANAGEMENT, LLC, THE
CAMELOT GROUP INTERNATIONAL, LLC,

        *Defendants-Appellants*,

CASO CO-INVEST A, LLC, CAMELOT ACQUISITIONS SECONDARY OPPORTUNITIES GP, LLC,

*Interested Parties-Appellants*,

MICHAEL ST. ALTURA EWERS, SSECURION, LLC, A BIGHOUSE PHOTOGRAPHY AND FILM STUDIO, LLC,

*Defendants*,

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,

*Intervenor*.

----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | DANIEL STAROSELSKY (Dan M. Berkovitz, Michael A. Conley, *on the brief*), Securities & Exchange Commission, Washington, DC |
| FOR DEFENDANT-APPELLANT LAWRENCE E. PENN, III: | LAWRENCE E. PENN, *pro se*, New York, NY |
| FOR DEFENDANTS-APPELLANTS AND INTERESTED PARTIES-APPELLANTS: | KEITH W. MILLER, Perkins Coie LLP, New York, NY |

Appeal from orders of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the challenged orders of the District Court are AFFIRMED.

Lawrence Penn, proceeding pro se, and two entities he controlled, The Camelot Group International, LLC ("CGI") and Camelot Acquisitions Secondary Opportunities Management, LLC ("CASO Management") (together, the "Camelot Defendants"), appeal from orders of the United States District Court for the Southern District of New York (Caproni, J.) denying their motions under Federal Rule of Civil Procedure 60(b) for relief from the final judgments against them. Penn and two other companies he controlled, Camelot Acquisitions Secondary Opportunities GP, LLC ("CASO GP") and CASO Co-Invest A, LLC ("CASO Co-Invest"), also appeal from the District Court's order granting a motion filed by the Securities and Exchange Commission ("SEC") for turnover of assets. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Penn managed the private equity fund Camelot Acquisitions Secondary

3

Opportunities LP (the "Fund") from 2007 until 2014.[1]   During that period he misappropriated approximately $9.3 million from the Fund by using a shell corporation to send the Fund invoices for services the corporation did not perform and then forwarding the proceeds from payment of the invoices to the Camelot Defendants.   In 2014 the SEC filed a civil enforcement action in federal court against Penn, the Camelot Defendants, and others.   In 2015, based on the same facts that underlay the SEC action, Penn pleaded guilty to grand larceny and falsifying business records in a parallel criminal proceeding in New York state court.   In the civil action, the District Court granted the SEC's motions for summary judgment as to Penn and the Camelot Defendants, whom it concluded had violated the federal securities laws, and it ordered them to disgorge their ill-gotten gains.

        In July 2020 the SEC filed a motion for the turnover of assets held in bank accounts belonging to Penn, the Camelot Defendants, and non-parties CASO GP, CASO Co-Invest, and CASO Offshore.   In September 2020 Penn and the

---

[1] "The appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying judgment itself." SEC v. McNulty, 137 F.3d 732, 741 (2d Cir. 1998).   These facts are therefore taken from the District Court's prior opinions determining liability.   See Special App'x 1–16, 47–62.

Camelot Defendants each filed a Rule 60(b) motion, arguing that the District Court's disgorgement orders conflicted with Liu v. SEC, 140 S. Ct. 1936 (2020). The District Court denied the Rule 60(b) motions and granted the SEC's turnover motion.

## I. Rule 60(b) Motions

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is confined to determining whether the district court abused that discretion." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting In re Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981)). The District Court entered final judgment against the Camelot Defendants on April 30, 2020, after which they had sixty days, until June 29, 2020, to file an appeal. See Fed. R. App. P. 4(a)(1)(B). Although this deadline fell after the Supreme Court issued its decision in Liu on June 22, 2020, the Camelot Defendants did not appeal the final judgment against them or file a request to extend the time to file a notice of appeal. See Fed. R. App. P. 4(a)(5)(A). Instead, they waited until August 18, 2020—months after the final judgment, the decision in Liu, and the deadline to appeal—to inform the District Court of their intention to file a Rule 60(b) motion. Their principal argument in

that motion and on this appeal—that the disgorgement award is inconsistent with <u>Liu</u>—should have been brought on direct appeal because "[i]n no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion." <u>Stevens</u>, 676 F.3d at 67.

The Camelot Defendants respond that their failure to appeal should be excused because they were unrepresented during the litigation. But they were represented until Penn fired their counsel. Our review of the record persuades us that the District Court reasonably concluded that the Camelot Defendants' "lack of representation is far from an innocent excuse; instead, it was a calculated decision by Penn, their sole owner." Special App'x 92. We also agree with the District Court that the Camelot Defendants improperly used their Rule 60(b) motion as a substitute for a timely appeal, and we therefore find no abuse of discretion in the District Court's denial of their motion.

As for Penn's motion, Rule 60(b)(6) motions must be made within a "reasonable time" and are granted only in "extraordinary circumstances." <u>Stevens</u>, 676 F.3d at 67.[2] "In considering whether a Rule 60(b)(6) motion is

---

[2] We previously dismissed Penn's timely appeal of the final judgment against him because it lacked an arguable basis either in law or in fact. <u>See</u> <u>SEC v. Penn</u>, No. 18-3602 (2d Cir. Oct. 4, 2019).

timely, we must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983). The District Court concluded that Penn unreasonably delayed filing his Rule 60(b) motion and provided "no explanation or justification for his delay." Special App'x 86–87. On appeal, Penn has failed to provide any explanation for his delay. We conclude that the District Court did not abuse its discretion in finding that Penn's Rule 60(b) motion was not made within a "reasonable time."[3]

## II. Turnover Motion

Penn, CASO GP, and CASO Co-Invest appeal from the District Court's order granting the SEC's turnover motion. "Once the district court has found

---

[3] The District Court denied another Rule 60(b) motion by Penn that was based on New York Governor Andrew Cuomo's pardon of his state criminal offenses. See SEC v. Penn, 14 Civ. 581, 2022 WL 1991381 (S.D.N.Y. June 3, 2022). Penn filed a separate appeal of that District Court decision. SEC v. Penn, 2d Cir. No. 22-1262. The SEC filed a motion to consolidate the two appeals. See SEC v. Penn, 2d Cir. No. 21-1348, ECF Nos. 123, 130. Penn raises similar arguments in this appeal regarding the gubernatorial pardon. The District Court's liability finding was based not only on Penn's plea allocution in state court but also separately on the admissions in his amended answer in this action, which are not the subject of the pardon and "are judicial admissions that bind the defendant throughout th[e] litigation." Gibbs ex rel. Gibbs v. CIGNA Corp., 440 F.3d 571, 578 (2d Cir. 2006). We therefore need not consider the effect of the pardon on the District Court's judgment.

federal securities law violations, it has broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits." SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1474 (2d Cir. 1996). "Federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." SEC v. Cavanagh, 155 F.3d 129, 136 (2d Cir. 1998).

The District Court granted the turnover motion as to Penn because his objections "simply rehash his claims of innocence." Special App'x 107. Penn repeats the same claims on appeal, arguing that he had the "right to make investments, pay expenses and receive distributions from the Fund." Penn Opening Br. 42. But an "appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying judgment itself." SEC v. McNulty, 137 F.3d 732, 741 (2d Cir. 1998). We therefore affirm the District Court's turnover order as to Penn.

Turning to the non-parties, the District Court concluded that the funds in the CASO GP and CASO Co-Invest accounts were ill-gotten because bank records showed that the relevant funds were the remainder of $10,000 wire

8

transfers from Defendant CGI that were made "while the . . . scheme was on-going." Special App'x 108–10. Neither CASO GP nor CASO Co-Invest had legitimate claims to the funds because there was no evidence that CGI received any consideration for the funds. See CFTC v. Walsh, 618 F.3d 218, 226 (2d Cir. 2010); Special App'x 109, 111. We therefore conclude that the District Court did not abuse its discretion in determining that, based on bank account records, neither CASO GP nor CASO Co-Invest "provided some form of valuable consideration in good faith in return for proceeds of fraud." Walsh, 618 F.3d at 226.

We have considered the Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the challenged orders of the District Court are AFFIRMED.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] We also **GRANT** the SEC's motion to consolidate this appeal with No. 22-1262 and **DISMISS** appeal No. 22-1262 because it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Penn separately filed a motion to certify a question regarding his pardon to the New York Court of Appeals. SEC v. Penn, 2d Cir. No. 21-1348, ECF No. 119. That motion is **DENIED**.

9